**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| JOHN CHAMBLESS, | : | |
| | : | |
| Plaintiff, | : | CASE NO.:  5:24-CV-00033 |
| | : | |
| v. | : | |
| | : | |
| QUAD/GRAPHICS, INC., | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff John Chambless brings this action against Defendant Quad/Graphics, Inc., related to the discriminatory termination of his twenty-year employment while he had federally protected leave remaining.

## PARTIES

1.

Chambless is a resident of Upson County and submits to the jurisdiction of this Court.

2.

Quad/Graphics, Inc., is a Wisconsin profit corporation with its principal place of business in Sussex, Wisconsin.  This Defendant may be served by personal service of process upon its registered agent, Corporation Service Company, 2 Sun Court, Ste. 400, Peachtree Corners, Georgia 30092.

## JURISDICTION AND VENUE

3.

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal

question) and 28 U.S.C. § 1343 (civil rights) because the matters in controversy arise under the laws of the United States, specifically the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA").

4.

Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the United States District Court for the Middle District of Georgia because a substantial part of the events or omissions giving rise to the claims contained in this complaint occurred therein.

5.

Pursuant to M.D. Ga. L.R. 3.4, the Macon Division of this Court is the proper venue for this action because Chambless resides in Upson County and worked at the Defendant's facility in said county as well.

6.

Quad/Graphics, Inc., is covered employer under Title VII, ADA, and FMLA.

## ADMINISTRATIVE PROCEEDINGS

7.

Chambless filed a charge of discrimination alleging sex, gender, disability, and sexual orientation discrimination, along with retaliation, against Defendant with the Equal Employment Opportunity Commission ("EEOC") within 180 days of his termination.

8.

The EEOC issued a right-to-sue letter on October 25, 2023.

9.

Plaintiff has administratively exhausted his remedies with the EEOC, and this action is now ripe to file in this Court.

10.

This action was timely filed within 90 days of the issuance of the right-to-sue letter by the EEOC.

## STATEMENT OF FACTS

11.

Chambless began work for Defendant in or around November 2002.

12.

When Chambless worked on the production floor in the early years of his career, Quad employees frequently used homophobic slurs without reprimand.

13.

Erik Perrine associated with individuals who used homophobic slurs.

14.

Around 2005, Chambless began working in administration at The Rock, Georgia.

15.

Chambless began working remotely around 2013.

16.

Throughout his career at Quad, Chambless sought not to draw attention to the fact that he is gay due to his concern about the homophobic work culture at Quad.

17.

Around late 2022, Erik Perrine became Chambless's supervisor.

18.

Until Perrine became Chambless's supervisor, Chambless did not have write-ups, reprimands, or other negative actions taken against him.

19.

Chambless accidentally mentioned to Perrine that he was under stress due to a situation with his ex-husband.

20.

Shortly thereafter, Chambless was placed on a 45-day improvement plan.

21.

Subsequently, as a result of a disability, Chambless experienced medical emergencies and became seriously ill, necessitating hospitalization.

22.

On or about August 21, 2023, Perrine was aware of Chambless's disability and upcoming need for time off from work.

23.

On or about September 11, 2023, Chambless was terminated from Quad.

24.

At the time of Chambless's termination, he had FMLA leave time remaining.

4

25.

At the time of his termination, Chambless also had several weeks of vacation remaining.

26.

At the time of his termination, Chambless was qualified for and able to perform his job duties with or without reasonable accommodation for his disability.

27.

Although Defendant terminated Chambless on September 11, 2023, Defendant failed to issue a Separation Notice until November 17, 2023.

28.

Defendant's failure to provide the Separation Notice on September 11, 2023, is a violation of O.C.G.A. § 34-8-190(c).

29.

The late Separation Notice stated that Chambless was terminated for "Involuntary-Performance."

## **COUNT ONE**

### **Title VII:  Sex/Gender/Sexual Orientation Discrimination**

30.

Chambless, as a gay male, is protected by Title VII.

31.

Defendant is a covered employer under Title VII.

32.

Chambless was qualified for the job from which he was terminated.

33.

Defendant's proferred legitimate, non-discriminatory reason for the adverse employment action was pretext for discrimination.

34.

Chambless's sex, gender, and/or sexual orientation was a motivating factor for the adverse employment action.

35.

Chambless is entitled to Title VII damages pursuant to, among other statutes, 42 U.S.C. § 2000e-5.

## **COUNT TWO**

### **Americans with Disabilities Act:  Disparate Treatment**

36.

Chambless, at all relevant times, had a disability.

37.

Defendant regarded Chambless as having a disability.

38.

Chambless's disability actually motivated the decision to terminate him.

39.

As a direct, legal, and proximate result of Defendant's violations of Chambless's rights under the ADA, he was and remains injured in an amount to be proven at trial.

40.

Defendant's actions were taken with malice or with reckless indifference to Chambless's federally protected rights.

41.

Defendant is liable to Chambless for all damages arising from its violations of his rights under the ADA in an amount to be proven at trial.

## COUNT THREE

### Americans with Disabilities Act:  Failure to Accommodate

42.

Chambless, who was a qualified individual with a disability, requested an accommodation of leave to allow him to continue to perform the essential functions of his job for Defendant.

43.

Defendant could have provided the requested accommodation – and was required by the FMLA to provide said accommodation – without undue hardship.

44.

Defendant's failure to accommodate Chambless's work restriction constitutes discrimination under and a violation of the ADA.

45.

Because Defendant would not grant Chambless a reasonable accommodation, he was terminated and suffered damages in an amount to be proven at trial.

7

46.

As a direct, legal, and proximate result of Defendant's violations of Chambless's rights under the ADA, Chambless was and remains injured in an amount to be proven at trial.

47.

Defendant's actions were taken with malice or with reckless indifference to Chambless's federally protected rights.

48.

Defendant is liable to Chambless for all damages arising from its violations of his rights under the ADA in an amount to be proven at trial.

## COUNT FOUR

## FMLA:  Interference

49.

Defendant is an employer covered by the FMLA.

50.

Chambless was an employee covered by the FMLA at all times relevant.

51.

Defendant terminated Chambless while he had FMLA leave remaining.

52.

Defendant's termination of Chambless interfered with, restrained, and denied the exercise of or attempt to exercise FMLA rights in violation of 29 U.S.C. § 2615.

8

53.

As a result of Defendant's interference with Chambless's ability to exercise FMLA rights, Chambless is entitled to wages, salary, employment benefits, and other compensation denied or lost, including front and back pay, non-wage monetary losses, liquidated damages, interest, attorney fees, and other costs of this action.

## COUNT FIVE

### FMLA:  Retaliation

54.

Defendant is an employer covered by the FMLA.

55.

Chambless was an employee covered by the FMLA at all times relevant.

56.

Chambless exercised his FMLA rights by notifying Defendant of his need for medical leave, which is statutorily protected activity.

57.

Chambless was terminated as a result of his intention and action to exercise FMLA rights.

58.

Defendant terminated Chambless because he engaged in activity protected by the FMLA.

59.

As a result of Defendant's retaliatory conduct against Chambless for exercising FMLA rights, Chambless is entitled to wages, salary, employment benefits, and other compensation denied or lost, including front and back pay, non-wage monetary losses, liquidated damages, interest, attorney fees, and other costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Chambless demands a TRIAL BY JURY and the following relief:

(a) Declaratory judgment that Defendant's actions violated Chambless's Title VII, ADA, and FMLA rights;

(b) An award of full back pay from the date of the adverse employment action taking into account all raises to which Chambless would have been entitled but for Defendant's unlawful activity, and all fringe and pension benefits of employment, plus an additional equal amount as liquidated damages pursuant to the FMLA, with prejudgment interest thereon;

(c) Reinstatement or an award of front pay to compensate Chambless for lost future wages, benefits, and pension;

(d) Compensatory damages in an amount to be determined by the enlightened conscience of the jury for Chambless's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and special damages;

(e) Award of costs and expenses of this action, together with reasonable attorney and expert fees;

10

(f) Punitive damages in an amount to be determined by the enlightened conscience of the jury sufficient to punish Defendant for its conduct toward Chambless and deter Defendant from similar conduct in the future;

(g) Judgment against Defendant for damages incurred by Chambless;

(h) Judgment against Defendant in an amount to fully and adequately compensate Chambless;

(i) An award of pre-judgment and post-judgment interest;

(j) A trial by jury on all issues triable to a jury; and

(k) Other and further legal and equitable relief as the Court deems just and proper.

Respectfully submitted this 23rd day of January 2024.

By:    /s/ Douglas H. Dean
   Georgia Bar No. 130988
   Attorney for Plaintiff
   Dean Thaxton, LLC
   601 E. 14th Avenue (31015)
   Post Office Box 5005
   Cordele, Georgia 31010
   T:  (229) 271-9323
   F:  (229) 271-9324
   E:  *doug@deanthaxton.law*